

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00176-CR

_____

JACKIE RAY LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2018-0052

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jackie Ray Lewis has filed an untimely notice of appeal from a conviction of deadly conduct.[1] We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Lewis' sentence was imposed on August 22, 2018, and that his notice of appeal was filed on October 4, 2018. There is nothing in the appellate record to indicate that Lewis filed a motion for new trial. In the absence of a timely motion for new trial, Lewis, to perfect his appeal, was required to file his notice of appeal within thirty days of the date sentence was imposed, or on or before September 21, 2018. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal, therefore, was untimely.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal. Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. While Lewis satisfied the first requirement, he failed to satisfy the second. Lewis did file a motion in this Court seeking an extension of the deadline for filing his notice of appeal, but he did not do so within fifteen days after the deadline for filing such notice. As previously stated, the deadline for filing the notice of appeal was September 21, 2018. Consequently, the deadline for filing a motion for an extension of time under Rule 26.3 was October 8, 2018. Lewis' motion was filed in this Court on October 22, 2018, making it untimely. The Texas Court of Criminal Appeals has

---

[1] *See* TEX. PENAL CODE ANN. § 22.05(a) (West 2011).

expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

We notified Lewis by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Lewis ten days to respond to our letter and demonstrate how we had jurisdiction over the appeal notwithstanding the noted defect. Counsel for Lewis responded by filing an untimely motion to extend the deadline for filing Lewis' notice of appeal.

Because Lewis did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

<div style="margin-left:50%;">
Josh R. Morriss, III
Chief Justice
</div>

Date Submitted:    November 7, 2018
Date Decided:    November 8, 2018

Do Not Publish